[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10976

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2011
JOHN LEY
CLERK

D. C. Docket No. 2:09-cv-00174-CEH-SPC

PRECISE CONSTRUCTION, INC.,

Plaintiff-Third Party
Plaintiff-Appellant,

WESTERN SURETY GROUP,

Plaintiff-Third Party
Plaintiff,

versus

AMERISURE INSURANCE COMPANY,

Defendant-Third Party
Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 14, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Appellant Precise Construction, Inc., appeals the district court's grant of summary judgment finding that an insurance policy issued by Amerisure Insurance Company did not cover the cost of demolishing and rebuilding the mislocated foundation of a construction project built by Precise. The district court found that the damages were excluded by the express terms of the policy and that Precise was not an "additional insured" for the purposes of this claim.

Precise is a general contractor that entered into an agreement to construct twin medical office buildings in Bonita Springs, Florida. Precise subcontracted with GBL Group, Inc., to construct the foundations of those buildings. At some point, it was discovered that GBL had constructed the foundations eight feet from their intended location. This mistake rendered the site plan invalid, led to encroachments on required right-of-ways and setbacks, and interfered with parking, sidewalks, utilities, and retention. All parties agreed that the only solution was to demolish the foundation and rebuild it on the correct location.

During construction, Amerisure insured GBL under a commercial general liability policy. Precise was an "additional insured" under the policy.

2

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that because exclusion j(5), contained within the Amerisure policy, prevents recovery from damages arising out of the work of GBL, the damages resulting from the improper construction of the foundation are excluded. Furthermore, Florida law clearly instructs that "property damage" under a commercial general liability policy does not include the costs associated with removing and replacing defective work on products. All amounts sought by Precise relate solely to the removal and replacement of GBL's work at the project on account of Precise's placement error.

There are no allegations of damage other than to the foundations themselves, which Precise concedes were correctly constructed but made defective through Precise's misplacement. Thus, under Florida law, Precise's claim for removal and replacement costs associated with the misplaced foundations does not constitute "property damage" as that term is defined under the commercial general liability policy.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Amerisure.

**AFFIRMED.**